# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| TENNESSEE GALVANIZING, INC. | ) | CASE NO. 5:17-CV-2623 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| UNION METAL CORPORATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff Tennessee Galvanizing, Inc.'s motion for summary judgment. (Doc. No. 30 ["Mot."].) Defendant did not file a response to plaintiff's motion. For the reasons discussed herein, plaintiff's motion for summary judgment is GRANTED.

## I.  BACKGROUND

Plaintiff Tennessee Galvanizing, Inc. ("TGI") filed the instant action on December 18, 2017. (Doc. No. 1, Complaint ["Compl."].) TGI had a business relationship with defendant Union Metal Corporation ("UMC"). (Doc. No. 30-1, Declaration of David Ware ["Ware Decl."] ¶ 3.) TGI would hot dip galvanize various products for UMC, including utility light poles and associated products. (*Id.*) Beginning in the summer of 2017, UMC stopped timely paying TGI's invoices for the galvanizing services provided to UMC. (*Id.* ¶ 4.) UMC's account with TGI has an outstanding balance of $315,404.66, plus interest. (*Id.* ¶ 5 & Ex. 1 at 177.[1]) As of October 3, 2018, UMC owes

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

TGI $315,404.66 in principal plus $12,772.25 in prejudgment interest at the statutory rate of four percent. (*Id.* ¶ 6.)

On August 10, 2018, UMC's counsel filed a motion to withdraw as counsel. (Doc. No. 24.) Because it was clear that counsel had already been discharged as UMC's counsel, the Court granted the motion, but advised counsel to serve a copy upon James A. White ("White"), in his capacity as president of UMC, advising White that although he may have authority to make decisions on behalf of UMC, his authority does not extend to representing UMC in federal court. (Doc. No. 25.) As such, White was advised that UMC must retain counsel, and that this case would proceed as set forth in the case management plan and trial order. (*Id.*) Moreover, White was advised that, if UMC was not represented by counsel and was unable to defend itself due to lack of counsel, it would be subject to rulings based on an unopposed record, up to and including granting judgment in favor of TGI. (*Id.*) UMC's former counsel filed a certification of service after he served that order upon White. (Doc. No. 26.)

On October 3, 2018, TGI filed this motion for summary judgment. To date, UMC has not retained new counsel. As such, UMC has not filed any response or opposition to TGI's motion for summary judgment. This matter is ripe for the Court's review.

II.     **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(a), when a motion for summary judgment is properly made and supported, it shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." An opposing party may not rely on allegations or denials in its own pleading; rather, by affidavits or by materials in the record, the opposing party must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1).

Even when, as here, there is no opposition to the motion, the Court must still consider the supporting evidence submitted by the movant and determine whether the movant has met its burden. *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citing *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (further citations omitted))).

### III. DISCUSSION

TGI argues that it is entitled to summary judgment because there are no genuine issues as to the facts that: (1) contracts existed between TGI and UMC; (2) UMC breached those contracts; and (3) TGI suffered damages because of UMC's breach. (Mot. at 160.) UMC has not filed any brief opposing TGI's contentions, nor has UMC provided any affidavits—or pointed to other evidence—creating a genuine issue of material fact as to any of TGI's contentions.

In its answer, UMC pled several affirmative defenses. (Doc. No. 7 ["Answer"] at 40–41.) However, UMC has not provided any factual support for those defenses. As already noted, UMC

cannot rely on the mere allegations or denials in its answer to defeat TGI's motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(1).

### A. <u>Additional Claims</u>

In its complaint, TGI alleged four counts: (1) breach of contract; (2) account; (3) unjust enrichment; (4) breach of good faith and fair dealing. (Compl. ¶¶ 9–22.) In its motion for summary judgment, TGI moves for judgment only on the breach of contract claim.

### B. <u>Breach of Contract</u>

Under Ohio law,[2] a plaintiff establishes a successful contract claim by showing: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; (4) damage or loss to the plaintiff. *Thomas v. Publishers Clearing House, Inc.*, 29 F. App'x 319, 322 (6th Cir. 2002) (citing *Doner v. Snapp*, 649 N.E.2d 42, 44 (Ohio 1994)). From the record, it is clear that contracts existed between TGI and UMC. TGI hot dip galvanized requested items for UMC in exchange for payment. (Ware Decl. ¶¶ 3–4.) It is also clear from the record that UMC breached the contracts by failing to pay TGI for some of the galvanized products. (*Id.* ¶ 4.) As a result, TGI suffered damages in the amount of $315,404.66, plus interest. (*Id.* ¶ 5.) As these facts are not disputed by any factual support in the record, there is no genuine issue of material fact as to

---

[2] The Court applies Ohio choice of law rules because the case was brought in federal court in Ohio pursuant to diversity jurisdiction. *Charash v. Oberlin Coll.*, 14 F.3d 291, 296 (6th Cir. 1994) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L. Ed. 1477 (1941)). Under Ohio law, the law of the state with the most significant relationship to the transaction and the parties applies to decide contract cases. *Hagberg v. Delphi Auto. Sys.*, 268 F. Supp. 2d 855, 861 (N.D. Ohio 2002). This Court finds that Ohio has the most significant relationship to the transaction and the parties because UMC has its principal place of business in Ohio and the breach occurred in Ohio. *See id.* at 861 (citing Restatement (Second) of Conflict of Laws § 6).

whether UMC breached its contracts with TGI. As such, TGI is entitled to judgment as a matter of law.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff's motion for summary judgment is GRANTED as to Count I. All remaining counts in the complaint are dismissed without prejudice, as moot.

**IT IS SO ORDERED**.

Dated: January 31, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**